**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **VANESSA MORGAN and JASON BYAS,** | § | |
| **Individually and On Behalf of All Others** | § | |
| **Similarly Situated,** | § | |
| | § | **C.A. NO._____** |
| ***Plaintiffs*,** | § | |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **GBJ, INC., JOHN FERRARI and** | § | |
| **HASSAN EL-LAHHAM,** | § | |
| | § | |
| ***Defendants.*** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs VANESSA MORGAN and JASON BYAS bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid wages and unpaid overtime wages from Defendants GBJ, INC. (collectively "Defendants").

## I.  NATURE OF SUIT

1.      The Fair Labor Standards Act ("FLSA"), is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a) and 211(c).

2.     Defendants violated the FLSA by failing to pay nonexempt employees at one and one half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3.     Plaintiffs bring this collective action under section 216(b) of the FLSA on behalf of themselves and all other similarly situated employees in order to recover unpaid wages and unpaid overtime compensation.

## II.  JURISDICTION AND VENUE

4.     Plaintiffs' claims arise under the FLSA.  29 U.S.C. § 201, *et seq.*  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b, c) because a substantial part of the events or omissions giving rise to the claim occurred in this district and/or Defendants regularly conduct business in this district.

## III.  THE PARTIES

6.     Plaintiff VANESSA MORGAN is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing her duties, Morgan was engaged in commerce or in the production of goods for commerce.  Morgan regularly worked in excess of forty (40) hours per week.  However, Morgan did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

7.     Plaintiff JASON BYAS is a resident of Montgomery County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Byas was engaged in commerce or

in the production of goods for commerce.  Byas regularly worked in excess of forty (40) hours per week.  However, Byas did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

8.     Defendant GBJ, INC. is a Texas corporation who may be served with process by serving its registered agent, Robert Levine, at 146 Westcott St., Ste. 200, Houston, Texas 77007 or wherever he may be found.

9.     Defendant JOHN FERRARI is an individual who may be serviced with process at 15734 Aldine Westfield Rd., Houston, Texas 77032 or wherever he may be found.

10.     Defendant HASSAN EL-LAHHAM is an individual who may be served with process at 15734 Aldine Westfield Rd., Houston, Texas 77032 or wherever he may be found.

11.     Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.  FACTS

11.     Defendants are in the business of providing transportation services throughout the Houston metropolitan area.

12.     From approximately October 2006 through October of 2008, Morgan was employed by Defendants as a dispatcher, head mechanic's assistant, and fleet manager, providing services on behalf of Defendants.

3

13.     From approximately February 2002 through September 2008, Byas was employed by Defendants as a driver and dispatcher, providing services on behalf of Defendants.

14.     Drivers, dispatchers, head mechanic's assistants, and fleet managers, including Morgan and Byas, are responsible for providing transportation and related services, to and on behalf of Defendants, in the Houston area.

15.     Drivers, dispatchers, head mechanic's assistants, and fleet managers regularly work in excess of forty (40) hours per week.

16.     Defendants did not pay drivers, dispatchers, head mechanic's assistants, and fleet managers, including Morgan and Byas, overtime wages as required by the FLSA.

17.     Defendants automatically deducted one hour for lunch from the pay of drivers, dispatchers, head mechanic's assistants, and fleet managers, including Morgan and Byas, whether or not lunch was actually taken.

18.     Drivers, dispatchers, head mechanic's assistants, and fleet managers, including Morgan and Byas, are paid hourly.

19.     On information and belief, these same illegal pay practices were applied to all employees of Defendants' who were compensated in the same or similar manner to that of Plaintiffs.

## V.  PLAINTIFFS' INDIVIDUAL ALLEGATIONS

**A.     Defendants Failed to Properly Compensate Plaintiffs at the Rate of Time and One Half for All Overtime Hours.**

20.     On information and belief, Plaintiffs were a nonexempt employee under the guidelines of the FLSA.

21.     As nonexempt employees, Plaintiffs were legally entitled to be paid at one and one half their "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  *See* 29 U.S.C. § 207(a).

22.     Defendants failed to pay Plaintiffs for all hours worked in excess of forty (40) at one and one half times their regular rate.

23.     Instead, Defendants compensated Plaintiffs at their normal hourly rate which did not take into consideration the number of hours actually worked during each seven (7) day workweek.

24.     As a result, Plaintiffs were regularly "shorted" on their paychecks by not being paid at a rate of time and a half for hours worked in excess of forty (40).

25.     In the event that Defendants classified Plaintiffs as exempt from overtime, Plaintiffs were misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiffs full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

26.     Rather, Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of failing to pay Plaintiffs proper overtime wages.

**B.     Defendants Failed to Keep Accurate Records of Time Worked.**

27.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

28.     In addition to the pay violations of the FLSA identified *supra*, Defendants also failed to keep proper time records as required by the FLSA.

**C.      Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

29.     The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

30.     No exemption excuses Defendants for failing to pay Plaintiffs at their proper overtime rate of time and a half for all hours worked in excess of forty (40) or for retaliating against him.

31.     Defendants have not made a good faith effort to comply with the FLSA.

32.     Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding retaliation, overtime compensation and the payment of wages to Plaintiffs.

## VI.  COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs re-allege and incorporates by reference all of the facts set forth in the above sections of this Complaint.

34.     On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified *supra* in violation of the FLSA.

35.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime compensation at a rate of time and a half for hours worked in excess of forty (40).

36.     Defendants' patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

37.     Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

38.     All employees of Defendants, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All current and former drivers, dispatchers, head mechanic's assistants, and fleet managers or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and (3) were compensated on any basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40).

39.     Plaintiffs have retained counsel well versed in FLSA collective action litigation and is prepared to litigate this matter vigorously on behalf of Plaintiffs and any other Members of the Class.

## VII.  CAUSE OF ACTION – FAILUE TO PAY WAGES

40.     Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

41.     Defendants' practice of failing to pay proper compensation for all hours worked and failing to pay overtime compensation at one and one half the respective employees' regular time rate for all hours worked in excess of forty (40) hours to nonexempt employees is in direct violation of the FLSA.  29 U.S.C. § 207(a).

42.     Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiffs their full and proper compensation.

43.     Plaintiffs are entitled to payment for all hours worked in excess of forty (40) in an amount that is one and one half times their regular rate of pay.

44.     Plaintiffs are entitled to liquidated damages in an amount equal to one and one half times all hours worked in excess of forty (40) as a result of Defendants' failure to comply with the guidelines of the FLSA.

## VIII.  CAUSE OF ACTION – TEXAS PAYDAY ACT VIOLATIONS

45.     Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

46.     Defendants, as Plaintiffs' employer, are obligated under the Texas Payday Act to pay Plaintiff for all hours worked.  *See* TEX. LABOR CODE § 61, *et seq.*

47.     Defendants' failure to pay Plaintiffs for their last week of work places Defendants in violation of the Texas Payday Act.

## IX.  REQUEST FOR PRELIMINARY INJUNCTION – SPOLIATION OF EVIDENCE

48.     Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

49.     Plaintiffs and all other potential Members of the Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any records which are in any way related to the above described matters, including any correspondence between Defendants, Plaintiffs and Members of the Class and any records required to be maintained by the FLSA.

50.     There is substantial likelihood that Plaintiffs will prevail at trial on the merits.

51.     The harm that will result is irreparable to Plaintiffs because Plaintiffs will not be able to replicate the destroyed evidence.

52.     Plaintiffs have no adequate remedy at law if Defendants destroy any records.

## X.  JURY REQUEST

53.     Plaintiffs request a trial by jury.

## PRAYER

54.     WHEREFORE, Plaintiffs and all similarly situated employees who join this action respectfully request this Court:

    a.  Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

    b.  Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

    c.  Declare Defendants' violations of the FLSA to be willful;

    d.  Award Plaintiffs and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

    e.  Award Plaintiffs and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

    f.  Enter an injunction restraining Defendants from destroying any records;

    g.  Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

    h.  Award expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action;

    i.  Award pre-judgment and post-judgment interest as allowed by law;

j.   Award costs of court and costs of prosecuting Plaintiffs' claims; and

k.   Award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By:  /s/ *Melissa A. Moore*
Melissa Ann Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
LYRIC CENTRE
440 Louisiana Street, Suite 710
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## NOTICE OF ELECTRONIC FILING

I do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing document in accordance with the Electronic Filing System of the U.S. District Court for the Southern District of Texas, on this the 10th day of September 2009.

/s/ *Melissa A. Moore*
Melissa Ann Moore