IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESSA MORGAN, JASON BYAS, ET. AL. | * * * | |
| Plaintiffs | * | CIVIL ACTION NO. 4:09-cv-02947 |
| v. | * * | |
| GBJ, INC., JOHN FERRARI And HASSAN EL-LAHHAM | * * * * | |
| Defendants | * | |

DEFENDANT GBJ INC.'S ANSWER AND AFFIRAMTIVE DEFENSES TO
PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

Defendant GBJ, INC.( hereinafter referred to as "GBJ" or Defendant) one of the Defendants herein, files this its Answer and Affirmative Defenses in response to the Plaintiff's Collective Action Complaint. Defendant denies each and every allegation not expressly admitted below.

RESPONSE TO ALLEGATIONS

1. Defendant GBJ admits to those sections of the Fair Labor Standards Act ("FLSA") that are quoted directly from the statute. All other allegations in this paragraph are denied.

2. Defendant GBJ denies all the allegations contained in paragraph 2 of the Complaint.

3. Defendant GBJ denies that the Plaintiffs are due any additional compensation, are similarly situated to any putative class member or are entitled to any of the relief requested in this paragraph.

4. Dfendant GBJ admits that this Court has jurisdiction over claims brought under the FLSA.

5. Defendant GBJ admits that venue is proper in this judicial district.

6 Defendant GBJ admits that Plaintiff Vanessa Morgan was employed by Defendant for some period of time during the three (3) year period preceding the filing of this Complaint. Defendant is without sufficient knowledge or information to either admit or deny whether Plaintiff Morgan is a resident of Harris County.  Except as expressly admitted, Defendant GBJ denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant GBJ admits that Plaintiff Jason Byas was employed by Defendant for some period of time during the three (3) year period preceding the filing of this Complaint. Defendant is without sufficient knowledge or information to either admit or deny whether Plaintiff Byas is a resident of Montgomery County.  Except as expressly admitted, Defendant GBJ denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant GBJ admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant GBJ admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant GBJ admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant GBJ denies that it committed any act or omission that would constitute any violation of the FLSA and denies all allegations contained in paragraph 11 of the Complaint.

12.     Defendant GBJ admits that it is in the business of providing transportation services throughout Houston, the state of Texas as well as in various other states, including but not limited to Oklahoma, Louisiana, Nevada and Florida. Any allegation not expressly admitted in this paragraph is hereby denied. It should be noted that Plaintiff's Complaint is mis-numbered and contains two paragraph 11s.

13.     Defendant GBJ admits that Plaintiff Morgan was employed by GBJ in various positions at various times. All other allegations contained in paragraph 12 of the Complaint not expressly admitted are hereby denied.

14.     Defendant GBJ admits that Plaintiff Byas was employed by GBJ in various positions at various times. All other allegations contained in paragraph 13 of the Complaint not expressly admitted are hereby denied.

15.     Defendant GBJ admits that it employs drivers, dispatchers, mechanics, head mechanics and fleet managers, all of whom provide transportation related services. All other allegations contained in paragraph 14 of the Complaint not expressly admitted are hereby denied.

16.     Defendant GBJ is without sufficient information to admit or deny the allegations contained in paragraph 15.

17.     Defendant GBJ denies the allegations contained in paragraph 16 of the Complaint.

18.     Defendant GBJ denies the allegations contained in paragraph 17 of the Complaint.

19.     Defendant GBJ denies the allegations contained in paragraph 18 of the Complaint.

20.     Defendant GBJ denies the allegations contained in paragraph 19 of the Complaint.

21. Defendant GBJ admits that some positions held by Plaintiffs may have been exempt but some were nonexempt under the guidelines of the FLSA. All other allegations contained in paragraph 20 not expressly admitted are hereby denied.

22. Defendant GBJ admits that under the FLSA, nonexempt employees are entitled to be paid one and one half their regular rate of pay for all hours worked in excess of forty during a regular work week. All other allegations contained in paragraph 21 of the Complaint are denied.

23. Defendant GBJ denies all allegations contained in paragraph 22 of the Complaint.

24. Defendant GBJ denies all allegations contained in paragraph 23 of the Complaint.

25. Defendant GBJ denies all allegations contained in paragraph 24 of the Complaint.

26. Defendant GBJ denies all allegations contained in paragraph 25 of the Complaint.

27. Defendant GBJ denies all allegations contained in paragraph 26 of the Complaint.

28. Defendant GBJ admits that the FLSA requires employers to keep accurate records of hours worked by non exempt employees. Defendant denies all other allegations contained in paragraph 27 of the Complaint.

29. Defendant GBJ denies all allegations contained in paragraph 28 of the Complaint.

30. Defendant GBJ denies all allegations contained in paragraph 29 of the Complaint.

31. Defendant GBJ denies all allegations contained in paragraph 30 of the Complaint.

32. Defendant GBJ denies all allegations contained in paragraph 31 of the Complaint.

33. Defendant GBJ denies all allegations contained in paragraph 32 of the Complaint.

34. Defendant GBJ repeats and realleges the responses in paragraphs 1-34 above, as its response to paragraph 33 of the Complaint.

35. Defendant GBJ denies all allegations contained in paragraph 34 of the Complaint.

36. Defendant GBJ denies all allegations contained in paragraph 35 of the Complaint and would assert that neither Plaintiff is similarly situated to any other employee..

37. Defendant GBJ denies all the allegations contained in paragraph 36 of the Complaint.

38. Defendant GBJ denies all the allegations contained in paragraph 37 of the Complaint.

39. Defendant GBJ denies all the allegations and assertions contained in paragraph 38 of the Complaint.

40. Defendant GBJ lacks sufficient information to either admit or deny the allegations contained in paragraph 39 of the Complaint.

41. Defendant GBJ repeats and realleges the responses in paragraphs 1-40 above, as its response to paragraph 40 of the Complaint.

42. Defendant GBJ denies that violated any provision of the FLSA. Defendant GBJ denies all allegations contained in paragraph 41 of the Complaint.

43. Defendant GBJ denies that violated any provision of the FLSA or Texas Labor Code. Defendant GBJ denies all allegations contained in paragraph 42 of the Complaint.

44. Defendant GBJ denies that Plaintiffs are due any additional compensation. Defendant further denies all allegations contained in paragraph 43 of the Complaint.

45. Defendant GBJ denies all the allegations and assertions contained in paragraph 44 of the Complaint.

46. Defendant GBJ repeats and realleges the responses in paragraphs 1-45 above, as its response to paragraph 45 of the Complaint.

47. Defendant GBJ denies that Plaintiffs are entitled to any additional compensation. Defendant GBJ adheres to all requirements contained in the Texas Pay Day Act. Defendant GBJ denies all other allegations contained in paragraph 46 of the Complaint.

48. Defendant GBJ denies all the allegations and assertions contained in paragraph 47 of the Complaint.

49. Defendant GBJ repeats and realleges the responses in paragraphs 1-48 above, as its response to paragraph 48 of the Complaint.

50. Defendant GBJ denies all the allegations contained in paragraph 49 of the Complaint.

51. Defendant GBJ denies all the allegations contained in paragraph 50 of the Complaint.

52. Defendant GBJ denies all the allegations contained in paragraph 51 of the Complaint.

53. Defendant GBJ denies all the allegations contained in paragraph 52 of the Complaint.

54. Defendant GBJ admits that Plaintiffs seek a jury trial in paragraph 53 of the Complaint.

55. Defendant GBJ denies the allegations in the paragraph listed as "prayer" in the Complaint and denies that Plaintiffs are entitled to any relief, including that relief stated in the paragraph labeled "Prayer."

## DEFENSES

1. Plaintiffs are not similarly situated to any other person for purposes of the FLSA

2. Plaintiffs cannot satisfy the requirements for a collective action under the FLSA.

3. Plaintiffs' claims, including those brought on behalf of purported similarly situated employees, are barred in whole or in part by applicable statute of limitations.

4. Plaintiff and all other purported similarly situated employees were paid all compensation to which they were entitled under the FLSA.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff is exempt from the overtime provisions of the FLSA pursuant to the Motor Carrier Act.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff falls within one of the exemptions from the overtime provisions of the FLSA.

7. Defendant asserts that at all times relevant to this cause it acted in accordance with advice, counsel and/or ruling of the Department of Labor, the Texas Workforce Commission and/or their agents and investigations and attorneys or labor officials.

8. Defendant asserts that any action, practice, or policy implemented was based upon industry standards and norms.

9. The Complaint fails to state a claim for which liquidated damages can be awarded,

10. Defendant did not willfully deprive any person of any wages to which they may have been entitled.

11. At all relevant times, Defendant GBJ has acted in good faith and with reasonable belief that it has not violated the FLSA or any other Texas statute with respect to Plaintiffs and all other purported similarly situated employees.

12. Plaintiff and other proposed class members are not entitled to any recovery

because any alleged acts or omissions were made by Defendant in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rulings, approvals, or interpretations or administrative practice or enforcement policies with respect to the class of employers or persons to which Defendant belongs.

13. All or part of the time for which Plaintiffs or ay purported similarly situated employees seek compensation does not constitute compensable working time.

14. All or part of the claims are barred under the *de minimis* doctrine.

15. The complaint fails to state a claim upon which attorneys' fees of costs can be awarded.

16. The complaint fails to state a claim upon which injunctive relief can be granted.

17. Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint and that the same be dismissed with prejudice on the merits;

2. That Defendant be awarded judgment in its favor against the Plaintiffs;

3. That Defendant recover its costs of suit herein; and

4. That Defendant be granted such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    Law Offices of Lauren M. Serper, P.C.

    /s/_____

        Lauren M. Serper
        Fed. Id. No. 7334
        Tex. Bar No. 18032100
        3405 Edloe, Suite 200
        Houston, Texas 77027
        (713) 278-9398
        (713) 785-0808 (Fax)
        Attorney for Defendant GBJ, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was electronically filed and served upon:

Melissa Ann Moore
Moore & Associstes
Lyric Center
440 Louisiana Street, suite 710
Houston, Texas 77002
(713) 222-6775
(713) 222-6739

by electronic mail and/or facsimile on November 13, 2009.

/s/_____
    Lauren M. Serper